UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE E. HOWELL,<br><br>        Petitioner,<br><br>    v.<br><br>ADMINISTRATOR OF ATASCADERO STATE MENTAL HOSPITAL,<br>        Respondent. | Case No.: 1:20-cv-00731-NONE-JLT (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE A SECOND AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

    Petitioner filed a Petition for Writ of Habeas Corpus on May 12, 2020 in the United States District Court for the Northern District of California. (Doc. 1.) The Northern District transferred the petition to this Court on May 26, 2020. (Doc. 4.) The Court dismissed the petition with leave to file an amended petition because the petition failed to name the proper respondent. (Doc. 8.) The Court also found Petitioner may not have exhausted his state remedies, and the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Doc. 9.) Petitioner filed a response to the order to show cause in which Petitioner appears to maintain he has exhausted his state remedies. (Doc. 14.) The Court discharged the order to show cause and directed Petitioner to file an amended petition. (Doc. 15.)

    On September 4, 2020, Petitioner did so. (Doc. 16.) The Court finds the petition fails to state a cognizable federal claim for relief. Therefore, the Court will dismiss the amended petition and direct Petitioner to file a second amended petition.

1

# I.     DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

2

Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claims. It appears Petitioner attempts to reference and incorporate facts from previous filings, however, none are included. (See Doc. 16 at 5, 8.) Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

Petitioner will be granted an opportunity to file a Second Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "Second Amended Petition," and he should reference the instant case number.

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The First Amended Petition is DISMISSED WITHOUT PREJUDICE for failure to state a cognizable federal claim for relief; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a Second Amended Petition.

**Petitioner is forewarned that his failure to comply with this Order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 10, 2020**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE