UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE E. HOWELL,<br><br>              Petitioner,<br><br>       v.<br><br>JASON BLACK, Executive Director of Atascadero State Hospital,<br><br>              Respondent. | Case No.: 1:20-cv-00731-NONE-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. 23)<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On October 15, 2020, Petitioner filed a second amended petition. (Doc. 19.) On December 18, 2020, Respondent filed a motion to dismiss for failure to exhaust state remedies. (Doc. 23.) Petitioner filed an opposition on January 4, 2021. (Doc. 25.) On January 11, 2021, Respondent filed a reply. (Doc. 26.) Petitioner filed a sur-reply on February 5, 2021. (Doc. 27.) Because the petition is a mixed petition, the Court will recommend Respondent's motion to dismiss be GRANTED IN PART and Petitioner be DIRECTED to file a notice with the Court indicating whether he wishes to proceed by dismissing his unexhausted claims and proceed only on his exhausted claim in this federal habeas proceeding or moving for stay and abeyance of this federal habeas proceeding under the Kelly procedure or under the Rhines procedure.

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

1

if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal

2

> claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raised the following four claims in his petition: (1) his plea was unlawfully induced, (2) he was committed under the wrong code section; (3) he was denied his Sixth Amendment right to effective assistance of trial counsel; and (4) he was denied his right to have conflict free counsel. (Doc. 19.) Respondent contends in the motion to dismiss that Petitioner failed to exhaust grounds one, three and four. (Doc. 23 at 2-3.) Respondent alleges that Petitioner claimed he was committed under the wrong statutory code section (ground two) in his petition for review with the California Supreme Court. (Id. at 2.) Petitioner did not file any state post-conviction collateral petitions. (See id.) The instant petition is therefore a mixed petition containing exhausted and unexhausted claims. In cases involving mixed petitions, and as long as adequately supported, courts should allow petitioners leave to amend or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any unexhausted claims in state court. See Dixon v. Baker, 847 F.3d 714, at 719 (9th Cir. 2017) ("we have repeatedly warned the district courts that they 'may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims . . . . This warning is compelled by the fact that, unless either a stay of the habeas proceedings or leave to delete the unexhausted claims is granted, a federal habeas petitioner will lose the opportunity to have his properly exhausted federal claims heard in federal court simply because they were submitted in a mixed petition.").

If petitioner elects not to withdraw his unexhausted claims, he may seek a stay and abeyance of his federal habeas action. Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v.

Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), has been described by the Ninth Circuit to involve the following three-step process:

> (1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1141. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from becoming time-barred during a stay. See id. at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner may proceed on a "mixed petition," *i.e.*, one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims. See King, 564 F.3d at 1140. However, the requirements are more stringent for the granting of a stay under Rhines, as compared to obtaining a stay under Kelly. The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78.

District courts should not grant a stay under Rhines if the petitioner has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless. Id. at 278. Further, under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78).

The decisions in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between [the Antiterrorism and Effective Death Penalty Act's] one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

Accordingly, Petitioner will be directed to file a notice with the Court indicating how he wishes to proceed: (a) dismiss his unexhausted claims and proceed only on his exhausted claim in this federal habeas proceeding, (b) seek a stay and abeyance under the Kelly procedure, deleting his unexhausted claims, staying his petition containing only his exhausted claim while petitioner pursues his unexhausted claims in state court, later amending his petition to re-attach the newly exhausted claims to the original petition, and recognizing the potential statute of limitations issue that may arise; or (c) seek a stay and abeyance under the Rhines procedure, whereby Petitioner's unexhausted claims will remain pending before this federal court while he returns to state court to exhaust his claims, recognizing that he will be required to demonstrate good cause for his failure to previously exhaust the unexhausted claims in state court.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED IN PART, and Petitioner be DIRECTED to file a notice with the Court indicating how he wishes to proceed:

(a) Dismiss his unexhausted claims and proceed only on his exhausted claim in this federal habeas proceeding;

(b) Seek a stay and abeyance under the Kelly procedure, as described above; or

(c) Seek a stay and abeyance under the Rhines procedure, as described above.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 11, 2021**                **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE