UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE E. HOWELL,<br><br>  Petitioner,<br><br>  v.<br><br>JASON BLACK, Executive Director of Atascadero State Hospital,<br><br>  Respondent. | Case No.: 1:20-cv-00731-NONE-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is currently committed to the Atascadero State Hospital for a maximum of nine years. He filed the instant habeas petition challenging the judgment. As discussed below, the Court finds Petitioner's claim to be without merit and recommends the petition be **DENIED**.

## I.    PROCEDURAL HISTORY

Petitioner was found not guilty by reason of insanity to one count of carjacking. People v. Howell, No. F075026, 2020 Cal. App. Unpub. LEXIS 159, at *1 (Jan. 9, 2020). Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), contending that the trial court improperly ordered he be committed to Atascadero State Hospital pursuant to Penal Code section 1601, subdivision (a). Id. The Fifth DCA affirmed the judgment. Id. at *10.

On October 15, 2020, Petitioner filed a second amended petition. (Doc. 19.) On December 18, 2020, Respondent filed a motion to dismiss due to Petitioner's alleged failure to exhaust three of his four claims for federal habeas relief by first presenting them to the state's highest court. (Doc. 23.) The

Court granted the motion to dismiss in part and provided Petitioner with the opportunity to elect to withdraw his unexhausted claims and proceed only on his exhausted claim or seek a stay and abeyance of the action so that he may exhaust his unexhausted claims in state court. (Doc. 32.) On May 6, 2021, Petitioner filed a notice electing to dismiss his unexhausted claims and proceed only on his exhausted claim. (Doc. 34.) On June 8, 2021, Respondent filed an answer. (Doc. 37.) Petitioner filed a traverse on June 30, 2021. (Doc. 39.)

## II.     FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[1]:

**STATEMENT OF THE FACTS**

On May 10, 2016, the victim was in her car at the cell phone waiting area at the Fresno airport waiting for her husband to contact her to tell her to pick him up. Howell jumped into the backseat of her car, said he had a gun, and told her to drive. The victim started to drive, then saw some officers and started driving toward them. Howell screamed, saying, "Don't stop, I'll shoot you and I'll kill you[.]" The victim stopped driving, covered her head, and asked Howell not to shoot her. At about that time, officers pulled Howell from the back seat of the car. Howell repeatedly threatened to shoot the victim, but she never saw a weapon.

**STATEMENT OF THE CASE**

A complaint filed May 13, 2016, charged Howell with carjacking (§ 215, subd. (a)), kidnapping (§ 207, subd. (a)), and criminal threats (§ 422). It was further alleged he had suffered two prior strike convictions (§§ 667, 1170.12), two prior serious felony convictions (§ 667, subd. (a)(1)), and four prior prison terms (§ 667.5, subd. (b).) Before Judge Don Penner, Howell entered a plea of not guilty and denied all enhancements and priors.

On September 1, 2016, before Judge Brian Alvarez, Howell changed his not guilty plea to not guilty by reason of insanity (NGI). Judge Alvarez, pursuant to sections 1026 and 1026.2, appointed Dr. Paula J. Willis and Dr. Luis H. Velosa to examine Howell and investigate his mental status. Both Velosa and Willis presented reports concluding that, at the time of the charged offenses, Howell was unable to distinguish right from wrong and was thus legally insane.

On September 14, 2016, Judge Kim Gaab ordered Dr. Stephen Pointkowski to evaluate Howell to determine if he was mentally competent to stand trial, pursuant to section

---

[1] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

1368. Following many continuances, Howell was found competent to stand trial on October 28, 2016, and trial was set for December 8, 2016.

On the first day of trial, December 8, 2016, the parties reached the following agreement before Judge Denise Whitehead: In exchange for Howell pleading no contest and NGI to carjacking and submitting on the issue of his sanity on the doctors' reports, the prosecution would dismiss all other counts and all enhancements. Judge Whitehead explained that in so doing, she would find Howell not guilty of carjacking by reason of insanity. Judge Whitehead then advised Howell as follows:

"What happens then is I refer [the doctors' reports] to what's called CONREP for a recommendation on placement, but because this is a strike, you would have to do a minimum of 180 days at the state hospital before you could be considered for placement outside of the state hospital."

Judge Whitehead went on to explain that, irrespective of the 180-day minimum, Howell would likely remain in the state hospital for at least a year. Defense counsel added that the "hospital usually wants one year before they recommend getting out." Howell was asked if he understood, and he stated he did.

The parties then stipulated to the preliminary hearing transcript as the factual basis of the plea. Before accepting Howell's plea, Judge Whitehead asked Howell if he had read, understood, and initialed the plea form, which, under "[o]ther possible consequences," included the phrase "min 180 hospital." Howell stated he had and had no questions.

Howell then pleaded no contest to the charge of kidnapping. Judge Whitehead found him guilty of carjacking, as charged, and granted the prosecution's motion to dismiss the remaining charges and enhancements. Based on the doctors' reports admitted into evidence by stipulation, the trial court then found Howell legally insane at the time of the carjacking, and thus found him NGI.

As provided under section 1026, Judge Whitehead then referred the matter to the Department of State Hospital's (DSH) CONREP for a diagnostic evaluation and placement recommendation. CONREP's Community Program Director subsequently filed a report, "[p]ursuant to ... the provisions of ...[s]ection 1026(b)" and, as ordered by the trial court, "reviewed and considered the complete available information regarding the circumstances of the criminal offense," which it described as follows:

"On or about 05/10/2016 Mr. Howell violated Penal Code Section 215(a) Carjacking, Penal Code 207(a), Kidnapping, and Penal Code Section 422, Criminal Threats, when he jumped into a strangers vehicle and ordered the owner to "Drive I got a gun."

Noting Howell had been found NGI, the report then quoted subdivision (a) of section 1601, as follows:

"'In the case of any person charged with and found ... not guilty by reason of insanity of ... carjacking with a deadly or dangerous weapon ... or an act which poses a serious

3

> bodily harm to another person, outpatient status under this title shall not be available until that person has actually been confined in a state hospital or other facility for 180 days or more after having been committed under the provision of law specified in Section 1600.'"
>
> The report concluded with CONREP's recommendation that Howell be committed to Atascadero State Hospital "'in accordance with the policies established by the Department of Mental Health' (PC 1026(g))."
>
> At sentencing on January 17, 2017, Judge Jonathan Conklin orally committed Howell to Atascadero State Hospital for a maximum of nine years, after noting that he had reviewed CONREP's placement recommendation report and found the recommendation appropriate. In compliance with section 1026, a written order of commitment and other related documents were mailed to Atascadero State Hospital on February 3, 2017.

People v. Howell, 2020 Cal. App. Unpub. LEXIS 159, at *1-6.

### III.     DISCUSSION

#### A.     Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

#### B.     Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we

independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C.      Review of Petition

In his only claim that has been exhausted in state court, Petitioner alleges that his commitment to the state hospital was unauthorized under state law. Petitioner raised this claim on direct review in the state courts. In the last reasoned decision, the appellate court denied the claim as follows:

> Howell's argument on appeal is that his commitment to the state hospital pursuant to section 1601(a) was unauthorized, as he was found NGI of carjacking on a factual basis that did not establish that he used a weapon or injured the victim. Respondent contends Howell's argument is without merit as he has failed to establish he was committed under section 1601(a), but was instead properly committed under section 1026.
>
> In order to understand Howell's argument, we must first address various parts of sections 1026 and 1601.
>
> Section 1026 et seq. sets forth numerous procedural and substantive safeguards before a criminal defendant may be committed to a state hospital or treatment facility pursuant to a plea of not guilty by reason of insanity. Section 1026, subdivision (b) provides, in relevant part, that once a defendant is found not guilty by reason of insanity, unless it appears to the court that the sanity of the defendant has been recovered fully, the court must "order the community program director or a designee to evaluate the defendant and to submit to the court ... a written recommendation as to whether the defendant should be placed on outpatient status or committed to the State Department of State Hospitals or other treatment facility." (§ 1026, subd. (b).) Taking into consideration that placement recommendation, the court "shall direct that the defendant be committed to the State Department of State Hospitals for the care and treatment of persons with mental health disorders or any other appropriate public or private treatment facility approved by the community program director, or the court may order the defendant placed on outpatient status pursuant to Title 15 (commencing with Section 1600) of Part 2." (§ 1026, subd. (a).)
>
> Thus, as noted above, section 1600 allows the trial court to place the defendant on outpatient status "subject to the procedures and provisions of this title." But section 1601(a), at issue here, provides, in relevant part, that outpatient status is not available to a person charged with and found NGI of carjacking with a deadly or dangerous weapon

6

or in which the victim suffers great bodily injury "until that person has been actually confined in a state hospital or other treatment facility for 180 days or more after having been committed under the provisions of law specified in Section 1600, unless the court finds a suitable placement, including, but not limited to, an outpatient placement program, that would provide the person with more appropriate mental health treatment and the court finds that the placement would not pose a danger to the health or safety of others, including, but not limited to, the safety of the victim and the victim's family." In addition to the presumptive 180-day minimum confinement period, when an insanity acquittee's placement is subject to 1601(a), he or she is specifically subject to additional requirements for conditional release enumerated in section 1603. (§ 1603.)

Howell contends he should not have been committed under section 1601(a) because he was found NGI on a factual basis that did not establish he used a deadly weapon or injured the victim. Respondent contends Howell has failed to establish the factual premise that he was committed under section 1601(a), and contends instead that he was committed under section 1026. We agree with respondent.

It is true that, at the time Howell changed his plea, Judge Whitehead advised him that he faced a minimum of 180 days in a state hospital (and more likely at least a year) because he committed a strike. In response to a referral from the court, the CONREP submitted a report recommending Howell be committed to Atascadero State Hospital. And, in its referral, CONREP quoted a portion of section 1601(a), which said that, in the case of a person found NGI of carjacking with a deadly or dangerous weapon, or an act which posed serious bodily harm to another, outpatient status was not available until the person had been confined for 180 days or more.

However, at the placement hearing, Judge Conklin presided in Judge Whitehead's stead, as she was unavailable. Defense counsel asked that placement be done that day. Judge Conklin then made an oral placement order, committing Howell to Atascadero State Hospital in accordance with policies established by the Department of Mental Health under section 1026, subdivision (g) . In doing so, Judge Conklin stated he had reviewed the placement recommendation. No mention was made of section 1601(a), nor did the order require a minimum confinement of 180 days. When asked by the trial court if there were any "requests for finding" beyond that order, Howell's counsel replied, "No, Your Honor."

Likewise, the court's written order stated that Howell was to be committed to the Department of State Hospitals pursuant to section 1026. The order did not refer to section 1601(a) and did not require a minimum confinement of 180 days.

We agree that Howell has not established the factual premise that he was committed to the state hospital under section 1601(a). (*People v. Nitschmann* (1995) 35 Cal.App.4th 677, 683-684, 41 Cal. Rptr. 2d 325 [defendant has the burden of showing error].) Section 1026, subdivision (a) provides, in relevant part, that if the defendant is found NGI, the court "shall direct that the defendant be committed to the State Department of State Hospitals ... or any other appropriate public or private treatment facility ... or the court may order the defendant placed on outpatient status." This provision gave the court the

>authority to commit Howell to the state hospital and it is clear the court invoked this provision when it did so here.
>
>Because we conclude Howell was properly committed, we forego any discussion by the parties of forfeiture, whether the use of a deadly weapon or injury to a victim was proven, whether Howell received ineffective assistance of counsel, or the need to further clarify the record.

People v. Howell, 2020 Cal. App. Unpub. LEXIS 159, at *6-10.

Respondent correctly asserts that Petitioner fails to present a federal claim because Petitioner is challenging the application and interpretation of state law. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). The Fifth DCA determined that Petitioner had not established that he was committed to the state hospital under section 1601(a) and concluded that Petitioner was properly committed under section 1026. People v. Howell, 2020 Cal. App. Unpub. LEXIS 159, at *10. Petitioner claims that his commitment to the state hospital was unauthorized under state law. (Doc. 19 at 4.) Such challenge does not give rise to a federal question cognizable on federal habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus"). Thus, the claim is not cognizable on federal habeas and should be rejected.

Even if the Court found the claim cognizable, it would be without merit. As discussed by the Fifth DCA, at the placement hearing, the court committed Petitioner to Atascadero State Hospital in accordance with policies established by the Department of Mental Health under section 1026, subdivision (g), and no mention was made of section 1601(a). People v. Howell, 2020 Cal. App. Unpub. LEXIS 159, at *9. Additionally, the court's written order stated that Petitioner was to be committed to the Department of State Hospitals pursuant to section 1026, the order did not refer to section 1601(a). Id. at *9-10. The Fifth DCA found that Petitioner had not established the factual premise that he was committed to the state hospital under section 1601(a), and Section 1026, subdivision (a) gave the court the authority to commit Petitioner to the state hospital. Id. at *10.

Accordingly, the claim fails to present a cognizable federal claim. Moreover, Petitioner fails to establish that the state court's determination was contrary to or an unreasonable application of Supreme Court authority. The claim should be denied.

## IV.   RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice on the merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 23, 2021**                         **_ /s/ Jennifer L. Thurston**
                                                                    CHIEF UNITED STATES MAGISTRATE JUDGE